Receipt number AUSFCC-6122181

# THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PLAINTIFF NO. 1 & <br><br> PLAINTIFF NO. 2 <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. __20-454 C__ <br><br> **COMPLAINT FOR DAMAGES** <br><br> **COLLECTIVE ACTION (FLSA 29 U.S.C. §§ 201 ET SEQ.)** <br><br> 1. **FAILURE TO PAY REQUIRED OVERTIME (FLSA 29 U.S.C. § 207)** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This is a civil action brought by Plaintiffs who are employees of the defendant United States of America ("Defendant"), in its Department of Justice, Federal Bureau of Investigation ("FBI"). Plaintiffs are employed as Supervisory Investigative Specialists ("SIS"). Plaintiffs bring this case on behalf of themselves and all others similarly situated. This case arises out of Defendant's systemic, company-wide unlawful treatment of Plaintiffs and hundreds of similarly situated employees. Defendant fails to pay Plaintiffs, and all similarly situated SIS employees, all of the wages they have earned, including all overtime wages due to them under the Fair Labor Standards Act ("FLSA"). Specifically, Defendant does not pay for work performed outside of an SIS's normal shift or pay the proper overtime premium of one and one-half times the SIS's regular rate of pay for work in excess of 40 hours. This gives rise to violations of the FLSA relating to overtime compensation. The failure to pay for all hours worked and all overtime cannot be justified on the basis of any exemption because the work of an SIS

does not involve the exercise of significant discretion and independent judgment with regard to the general business operations of the FBI, as interpreted under the FLSA.  SIS also do not perform a significant amount of exempt work each workweek.

2. Plaintiffs sue on behalf of themselves and other similarly situated employees who currently work or who have worked for Defendant and who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., specifically, the collective action provision of the FLSA, 29 U.S.C. § 216(b).  This action claims that Defendant has violated the wage-and-hour provisions of the FLSA by depriving Plaintiffs, as well as others similarly situated to Plaintiffs who are members of the NATIONAL CLASS (defined below), of all the wages they rightfully earned, including overtime wages.  Specifically, Plaintiffs allege that they and other SIS employees were not paid all of the overtime premium owed to them for work in excess of 40 hours per week.  This action seeks all unpaid overtime compensation, plus an equal amount of liquidated damages and/or prejudgment interest and attorneys' fees and costs pursuant to 20 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346(a)(2), 1491, and 29 U.S.C. § 216(b).  Further, this Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to issue declaratory judgments and other relief sought herein in that actual controversies exist between the Plaintiffs and Defendant regarding actions and failures to act by Defendant under the FLSA and otherwise.

## THE PARTIES

4. Plaintiffs are employees of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2015, 5541.

5. Plaintiffs, and others similarly situated, desire anonymity in connection with their

participation in this litigation, and seek to litigate this case partially under seal, in light of the sensitive national security-related nature of the duties they perform for Defendant, and the need for their identities not to be disclosed and made public in this litigation, or otherwise, as is more fully set forth in Plaintiffs' Motion for a Protective Order and to Permit Plaintiffs to File their Claims Anonymously, which is being filed on their behalf in this Court simultaneously herewith.

6. Defendant and its involved agency are, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

7. Plaintiff No. 1 is employed by Defendant as a GS-12, Step 7, SIS.  He has served in this role for roughly ten years and employed by Defendant for twenty-four years total.  As an SIS, Plaintiff No. 1 performs investigative functions through physical surveillance operations.

8. Plaintiff No. 2 is employed by Defendant as a GS-12, Step 3, SIS.  He has been employed by Defendant for roughly ten years and has served in the role of SIS for the past three years.  Like Plaintiff No. 1, Plaintiff No. 2 performs investigative functions through physical surveillance operations.

## COLLECTIVE ACTION ALLEGATIONS UNDER FLSA

9. Plaintiffs bring FLSA claims on behalf of the following category of similarly situated individuals who worked for Defendant ("NATIONAL CLASS"):

10. All individuals who worked as Supervisory Investigative Specialists for Defendant at any time within three years prior to the filing of the complaint until the final judgment (hereinafter "the Class Period").

11. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs for all overtime wages, and therefore, notice should be sent to the members of the NATIONAL CLASS.

There are hundreds of individuals who comprise the NATIONAL CLASS and who have been misclassified in violation of the FLSA. These individuals would benefit from issuance of a court supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit. Members of the NATIONAL CLASS are known to Defendant, are readily ascertainable and can be located through Defendant's records.

## ADDITIONAL FACTUAL ALLEGATIONS RELEVANT TO ALL PLAINTIFFS AND THE NATIONAL CLASS

12. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

13. SISs employed by the FBI occupy positions that are classified as national security sensitive. They conduct physical and electronic surveillance related to the FBI's foreign counterintelligence and counterterrorism functions, and this work exposes them to classified and confidential information. Because of the sensitive nature of their positions, the FBI cautions SISs against revealing their job titles and responsibilities to anyone outside the agency or from posting such information on social media. In fact, the FBI has even warned SISs that, because of their positions, foreign intelligence officers or terrorist organizations may attempt to befriend them and extort them for access to classified information.

14. Defendant has deprived Plaintiffs, and all similarly situated SIS employees, of all the wages they have rightfully earned. Defendant fails to compensate Plaintiffs and the NATIONAL CLASS at the proper overtime rate. The FLSA commands that for any hour worked in excess of forty in a single week, non-exempt employees should receive one and one-half times their regular

rate of pay.  Instead, Defendant compensates Plaintiffs with an overtime premium which is based on the regular rate of an employee with a GS-10 pay grade – not a GS-12 (their actual pay grade), resulting in a massive underpayment of overtime wages.  For example, Plaintiff 1, at his GS-12 pay grade, has a regular hourly rate of $50.38.  The OT premium based on this rate should be $75.57.  However, he is only paid $50.12—the pay grade of a GS-10 employee—as the OT premium for his overtime hours. This occurred in every pay period during the relevant statute of limitations period where Plaintiffs worked overtime and were entitled to overtime wages.  Plaintiff 2 and the NATIONAL CLASS have all been subjected to the same unlawful practice and same underpayment of wages.

15. In addition, Defendant fails to pay for all hours worked, including hours which would constitute and trigger overtime payments under the FLSA.  It is expected that SIS employees will work outside of the normal, assigned shifts for the week. Either before or after shifts, or on days off, Plaintiffs and members of the NATIONAL CLASS are expected to respond to emails and answer phones call from supervisors and co-workers.  However, Plaintiffs and the NATIONAL CLASS are not paid for this time despite performing work – with Defendant's knowledge – that benefits Defendant and despite being under Defendant's control.  This results in hundreds of unpaid hours each year per each member of the NATIONAL CLASS, including overtime hours and the underpayment of overtime wages owed.  See 29 C.F.R. § 778.315.  The aforementioned practice has occurred during every pay period during the relevant statute of limitations period.

16. The failure to pay for all hours worked and to pay overtime at the correct overtime rate cannot be justified on the basis of any exemption from overtime.  OPM regulations pertaining to the FLSA mandate that agencies observe the following principles when making FLSA exemption determinations.  First, "[e]ach employee is presumed to be FLSA nonexempt unless the employing

agency correctly determines that the employee clearly meets the requirements of one or more of the [FLSA] exemptions . . . [.]" 5 C.F.R. § 551.202(a). Second, "[t]he burden of proof rests with the agency that asserts the exemption." 5 C.F.R. § 551.202(c). Third, "[a]n employee who clearly meets the criteria for exemption must be designated FLSA exempt. If there is a reasonable doubt as to whether an employee meets the criteria for exemption, the employee will be designated FLSA nonexempt." 5 C.F.R. § 551.202(d). Fourth, "[w]hile established position descriptions and titles may assist in making initial FLSA exemption determinations, the designation of an employee as FLSA exempt or nonexempt must ultimately rest on the duties actually performed by the employee." 5 C.F.R. § 551.202(e).

17. Plaintiffs should be considered non-exempt pursuant to the OPM regulations and the FLSA. While Plaintiffs do have some supervisory responsibilities, the vast majority of their time is spent doing the same surveillance work as their subordinates. In fact, while Plaintiffs' title refers to them as "supervisors", only a small percentage of their duties constitute supervisory-related, exempt tasks. SIS's notably do not: (1) develop policy for the FBI, Department of Justice, or the United States; (2) hire or fire people, nor does their recommendation to hire or fire carry special weight; (3) discipline subordinates other than verbal coaching; or (4) represent the FBI in negotiations with other agencies. They also do not provide expert advice in a specialized field, and they do not negotiate contracts for the Defendant. They are also not the head of a recognized subdivision of the FBI, Department of Justice, or the U.S. government. Finally, the work of an SIS typically involves the use of skills in applying known standards and established techniques, procedures, or specific standards. The Plaintiffs' work does not meet the executive, administrative, or professional exemption criteria.

18. Plaintiffs and the NATIONAL CLASS also do not receive availability pay and thus

do not meet the exemption for a criminal investigator as defined in 29 U.S.C. § 213(b)(30). Therefore, their work is nonexempt and covered by the overtime pay provisions of the FLSA. Nor are Plaintiffs considered "law enforcement" because they are not eligible for federal law enforcement retirement benefits.

19.     Defendant and its officers and agency, the FBI, are aware that it is unlawful to pay Plaintiffs and the NATIONAL CLASS an overtime rate which is based on an hourly rate associated with a lower pay grade. Indeed, there have been other lawsuits and cases which have demonstrated the illegality of this practice. Defendant continues to ignore these cases and pay Plaintiffs and the NATIONAL CLASS pursuant to this illegal practice. In addition, Defendant is aware that it is unlawful to fail to pay overtime wages to non-exempt employees for overtime worked.

20.     Defendant and its officers and agency, the FBI, willfully have violated the provisions of the FLSA by wrongfully and willfully failing and refusing to provide Plaintiffs, and others similarly situated, with pay and benefits due under the FLSA and implementing regulations of Defendant.

21.     In light of Defendant's willful violations of the law, a three-year statute of limitations should apply.

## COUNT ONE

**(Failure to Properly Compensate Plaintiffs for Overtime under the FLSA)**

**By PLAINTIFFS in their individual capacity and in their capacity as representatives of all similarly situated members of the NATIONAL CLASS against DEFENDANT**

22.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 21 above.

23. At all relevant times, Defendant has been and continues to be "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. section 203. At all relevant times, Defendant has employed and continues to employ members of the NATIONAL CLASS within the meaning of the FLSA. At all relevant times, Defendant has had gross revenues far in excess of $500,000.

24. Defendant failed and continues to fail to pay overtime wages to Plaintiffs and members of the NATIONAL CLASS in violation of the FLSA, 29 U.S.C. § 206, et seq., and its implementing regulations. Defendant's failure to pay proper overtime wages for each hour worked per week is willful within the meaning of the FLSA. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

25. Defendant's failure to comply with the FLSA overtime laws and protections caused Plaintiffs and members of the NATIONAL CLASS to suffer loss of wages and interest thereon.

26. As a result of Defendant's unlawful acts, Plaintiffs and members of the NATIONAL CLASS have been deprived of overtime compensation in amounts to be determined at trial, and are accordingly entitled to recovery of such amounts, liquidated (double) damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. section 216 (b), as well as any other legal and equitable relief the Court deems just and proper.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs and the NATIONAL CLASS pray for judgment as follows:

1. Issue a declaration stating that Defendant has violated its statutory and legal obligations and deprived Plaintiffs and the NATIONAL CLASS of their rights, privileges,

protections, and compensation under the law, that the violations were not in good faith and Defendant did not have reasonable grounds for believing that its acts complied with its obligations under the FLSA, and that the violations were willful. The declaration should also include a finding that Plaintiffs and the NATIONAL CLASS are and were employed as non-exempt employees under the FLSA;

2. Convene a collective action pursuant to 29 U.S.C. section 216(b) and require Defendant to provide electronic notice to all members of the NATIONAL CLASS, or, in the alternative, to provide Plaintiffs the last known names and addresses (including electronic mail addresses) of all NATIONAL CLASS members in a readily readable and useable electronic format, as well as grant final collective action certification;

3. Award Plaintiffs and the NATIONAL CLASS overtime back pay, liquidated damages, and interest under the FLSA after ordering a full, complete, an accurate accounting of overtime pay, liquidated damages, and interest owed;

4. Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendant under the FLSA and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B);

5. Require the production of documents or information from Defendant establishing its liability pursuant to 28 U.S.C. § 2507;

6. For such other and further relief that the Court may deem just and proper.

Respectfully submitted,

**/s/ Michael Morrison**
Michael Morrison (Counsel of Record)
ALEXANDER KRAKOW + GLICK
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 394-0888
(310) 394-0811 facsimile
mmorrison@akgllp.com

                Kevin J. Cole
                PARKER COLE, P.C.
                6700 Fallbrook Avenue, Suite 207
                West Hills, CA 91307
                (818) 292-8800
                (818) 292-8337 facsimile
                kevin@parkercolelaw.com

                *Attorneys for Plaintiffs*

Dated: April 17, 2020

## CERTIFICATE OF SERVICE

      Pursuant to the Rules of the United States Court of Federal Claims, Rule 4, service of the complaint on Defendant United States of America will be effectuated by the clerk of the court.

April 17, 2020                ALEXANDER KRAKOW + GLICK LLP

                              By:   <u>s/ Michael S. Morrison</u>
                                       Michael S. Morrison
                                         Britt L. Karp
                                         1900 Avenue of the Stars, Suite 900
                                         Los Angeles, CA 90067
                                         Attorneys for Plaintiff